Rockingham, }
June 6, 1933. }

FELLOWS BOX COMPANY *v.* ARTHUR E. MILLS.

*William H. Sleeper* and *John W. Perkins*, by brief, for the plaintiff.

*Frederick J. Grady*, for the defendant.

*Herbert L. Grinnell*, for the defendant's trustee in bankruptcy, furnished no briefs.

ALLEN, J.   The terms of the son's assignment made it a composition agreement on the part of creditors accepting it, and the defendant relies upon the rule that "no action can be maintained upon a private bargain, between an insolvent debtor and his composition creditor, to pay all or any part of a debt not provided for in the composition deed."   *Trumball* v. *Tilton*, 21 N. H. 128, 137.   The agreement here is of a third person, but it is urged that the reasons for the rule extend it to all cases of a special and undisclosed benefit.   In a composition the creditors agree with each other as well as with the debtor and the agreement contemplates that there are no undisclosed preferences or advantages among them.

Equality of treatment or the disclosure of special benefits has been held in some cases of such dominant and forceful importance that the source of a preference makes no difference.   The view is taken that although the other creditors suffer no failure to receive their full share under the composition and although the debtor has treated them as well as the creditor who is preferred, yet the composition makes it a mutual obligation of the creditors to take their shares in full discharge of their claims.   Any inducement for one creditor to compose not given the others is regarded as a violation of the mutual confidence, and the transaction arising from it is treated as a fraud in law. Bad faith is shown although there is no actual purpose to deceive. Disclosure is deemed imperative and advantage to a creditor is all that needs to be shown.   Disadvantage to the other creditors is thereby made out.

A third person giving a creditor a promise to induce him to accept a composition is not defrauded.   If the promise is void, it is because of fraud in law upon the other creditors.   The defence is not that it is unjust to impose liability because of injury to the defendant but that the plaintiff in justice to the other creditors should not recover. The defendant thus secures the benefit of the relations between the plaintiff and the other creditors.   He escapes because the plaintiff has violated his duty to others.   The plaintiff's illegality of conduct would be countenanced if he might maintain his action.

Conceding that the general rule may be of such virtue as to make void a third person's promise given to induce acceptance of a composition, the cases do not go so far as to hold that a creditor by force of the rule loses undisclosed security held for the debt upon acceptance of the composition. The equal footing among creditors joining in a composition is in respect to their positions at the time. Conditions of inequality already existing are not expected to be wiped out although they are undisclosed. The creditor may lose his security, but not because it is a fraud to retain it. A surety is discharged if he does not consent to the principal's acceptance, under the rule that alterations in the terms of the debtor's obligation are not within the surety's original liability. When the surety does consent, his original liability continues with such modifications as the acceptance effects. While the payment under the composition extinguishes the debtor's liability, the surety's consent to the creditor's acceptance of the composition bars him from saying that his original undertaking to pay if the debtor does not is limited to an unaltered form of the debtor's liability.

This is the situation here. The defendant to obtain credit for his son with the plaintiff assumed a surety's liability. His consent to the assignment was incidental to his suretyship and not an original contract independent of it and unrelated to it. The consent avoided the discharge of the liability which would follow from the acceptance of the assignment but for it. The "authority" given by the defendant for the plaintiff to accept acknowledged an outstanding liability, and action in pursuance of it was an excused disregard of the conditions upon which the continuance of the defendant's liability depended.

As to the argument that the original undertaking was oral and that the writing giving consent to accept the assignment did not set forth its terms, thus making the statute of frauds a defence, the "authority" conferred by the writing was an acknowledgment of an outstanding agreement holding the defendant liable for the son's indebtedness then existing. Thereby the defendant furnished a memorandum of an agreement of suretyship for the debt his son then owed. The undertaking was severable as to each instance of credit extended the son. Whenever credit was given, the surety was under a separate liability for it, independent of his liability for other credits. With reference to the debt it referred to and so far as the cause of action is concerned, the consent is to be read as showing that a general and ordinary liability of a surety had been assumed, and this liability is

no more and no less than that in fact undertaken. The terms of the original undertaking include no conditions or limitations upon this acknowledgment of the undertaking implied in the writing. The oral undertaking as thus set forth in the writing thereby has a sufficient memorandum made of it, in respect to the defendant's liability to which the action relates. Indicating that the plaintiff's acceptance without the consent would release the defendant while the consent would not, the writing implied a surety's contract of ordinary form. The oral contract in fact containing no express terms limiting liability or upon compliance with which liability was dependent, there is no incompleteness or inconsistency in the writing as a memorandum. The memorandum is good if made at any time before action is brought and also if made without the intention that it be a memorandum. Williston, Contracts, (1st *ed.*), *s.* 567.

The writing may also be construed as an offer to buy the son's debt at its full amount with time given in which to pay the price. The authority to accept the composition implied the defendant's control over the plaintiff's conduct in dealing with the debt if the offer to buy was accepted. The arrangements for payment, partly from the son's estate in assignment and partly by the defendant, are consistent with a sale. The plaintiff's acceptance of the assignment in its own name did not negative a sale. The sale vested only the use and benefit of the claim against the son in the purchaser, the legal or nominal title remaining in the seller, and the omission of reference in the acceptance to the defendant as the assignee of the claim was due to the plaintiff's right to receive part of the purchase price from the debtor's estate. As a sale the transaction could not be regarded as illegal.

Even under a construction of the writing by which it furnishes an inadequate statement of the terms of the oral agreement or by which it is not a sale, the defendant's liability may yet be upheld. If the oral form of the original promise prevents its enforcement, the writing was nevertheless an offer imposing contractual liability upon compliance with its terms. And although it was given to induce acceptance of the assignment, the circumstances cleanse it from any taint of fraud in law.

The oral promise was not illegal and the defence of the statute of frauds was optional with the defendant in any action against him. It was a defence personal to him and the son's creditors could not take advantage of it. If the original promise had been in writing, there would be no question of the validity of the writing as an enforceable contract upon fulfillment of its terms. If the other creditors

sought to set the composition aside, the answer that the defendant had already promised to pay would be good in law. It would be no sufficient reply for them to say that the promise was unenforceable because oral. "The defendant cannot object that the agreement was not binding between the parties to it, because of the statute of frauds. If it were so as between the parties, it was upon a sufficient consideration, and was not void or voidable at the election of a third person, who was a stranger to it. The plaintiff was not bound to take advantage of the statute." *Tibbetts* v. *Flanders*, 18 N. H. 284, 290. Since the defendant may not claim the transaction inducing acceptance to be illegal if the creditors may not and since they are barred from asserting that the oral promise is any less valid than if it were in writing, the legality of the transaction is established. The oral promise is unenforceable, but in other respects and for other purposes it does not differ from a written one. The writing as a contractual offer is as valid as though the oral agreement were enforceable. It was given in modification of an existing contract which the defendant alone might avoid. Whether or not he avoided, he could not affect the plaintiff's standing as though there were no right to avoid.

In another aspect the contract of inducement may not here be regarded as fraudulent. The original oral promise created a moral duty. In general a promise to pay a lawful debt which for some reason other than payment or adjustment has been discharged is enforceable as the equivalent of contractual consideration in renewal or restoration of the debt. When the defect of an agreement is not of character but only of form, the subsequent promise to perform, if it does not cure the defect, bars it as a collateral defence.

The course of conduct by which the defendant from time to time observed his oral agreement showed its continuing nature in unmodified effect and gave recognition to its moral integrity. Since he may plead fraud only by alleging some violation of the plaintiff's duty to the other creditors, he must take the position that the contract of inducement defrauds them although it is made in adoption of his own moral duty which, if not the equivalent of contractual consideration, would be a legal duty except for an informality giving the right of avoidance. It is not thought that the relations between the creditors accepting a composition invalidate such a contract. The good faith due the plaintiff in such a situation is far more direct and manifest than that due from him to the other creditors. A rule may properly be drastic in order to secure its purposes, but in its conflict with other rules of policy the law may well make adjustment.

It is as much a matter of good faith and honest dealing for the defendant to observe his contract adopting subsisting moral obligations as for the plaintiff to disclose special advantage in a composition. If non-disclosure is of no concern to the defendant while his own bad faith adversely affects the plaintiff, the defence of fraud upon others may not prevail without at the same time and in result upholding his bad faith. He is permitted to do wrong because of another wrong not suffered by him. Carried to such an outcome the rule making non-disclosure fraudulent is unduly rigorous. It should not exceed its needs.

The advantage from a contract having no actual consideration but made in pursuance of an outstanding moral duty sufficient to be the equivalent of consideration is considered as meritorious as that secured by an outstanding contract. The new contractual relation does not lessen the force of the subsisting moral duty prompting it. The duty gives the contract the same standing as one in which it is the equivalent of consideration and at the same time as one already in force. In like manner, if a promise to perform a contract defective in form requires actual consideration to be enforceable, yet the defendant here may not disclaim the bearing of his moral duty upon its adoption by a contract having actual consideration. The contract is made in honor of the duty, and the duty extends to its performance as much as to its making.

The subsisting moral duty to keep the oral promise is such as to relieve the contract adopting the duty from any stain of fraud in law. No fraud in fact is alleged. The plaintiff has done no actual injury, the other creditors have not suffered loss nor been misled, and the defendant has incurred no hardship. The equities are between the rights of the plaintiff and the rights of third persons. The plaintiff's interest is of substantial value. That of the third persons has no such value. The legal importance of their rights does not appear so great that they should be destructive of the plaintiff's interest. The agreement was not made with the debtor, there was already existing a moral duty on the defendant's part of the nature that has been defined, and the agreement was made in recognition of the duty. These considerations give the plaintiff equities making inapplicable the rule demanding disclosure of special benefit. To hold the contract illegal would approach legal fanaticism.

*Judgment for the plaintiff.*

All concurred.